Leroy Patrick COOKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 42594.

Court of Criminal Appeals of Texas.

Feb. 18, 1970.

Raeburn Norris, Houston, for appellant.

Carol S. Vance, Dist. Atty., and William W. Burge and Edward B. McDonough, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for aggravated assault enhanced under Art. 61, Vernon's Ann.P. C.; the punishment, 60 days in jail.

The appellant challenges the sufficiency of the evidence to support the conviction.

The complaint and information charged the appellant with aggravated assault and alleged for enhancement that the appellant had been previously convicted of aggravated assault.

At the trial before the court, the state introduced sufficient evidence to support the primary count. The appellant did not testify or offer any evidence. The court found the appellant guilty, as is reflected in the judgment and sentence, of aggravated assault and that "he is the same person heretofore convicted of a misdemeanor offense of like character and of the same nature as alleged in the information."

In its brief, the state admits that there was no evidence introduced to support the enhancement paragraph of the information. The state contends that the judgment and sentence showing the appellant guilty as a second offender should be reformed to reflect that the appellant was found guilty of the primary offense of aggravated assault.

However, in light of the range of the punishment provided for aggravated assault there is no basis for reformation of the judgment and sentence. Art. 1148, V. A.P.C.

Since there was no evidence to support the enhancement paragraph of the information, the judgment is reversed, and the cause is remanded.

MORRISON, J., not participating.